# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPT. OF CORR. &<br>REHAB., et al.,<br><br>　　　　　Defendants. | **Case No. 1:15-cv-00354-SKO (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**<br><br>**(Docs. 16, 17)** |

### I. INTRODUCTION

Plaintiff, Frank Lee Dearwester, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 on February 27, 2015. (Doc. 1.) Plaintiff consented to jurisdiction of United States District Magistrate Judge for all purposes. (Doc. 7.) This action was closed on September 4, 2015, because Plaintiff failed to state any cognizable claims under section 1983 and failed to file an amended complaint despite being granted leave and an extension of time to do so. (Docs. 1, 11, 13, 14.)

Some five months after the case was closed, Plaintiff filed a motion for an extension of time to file "pending documents" (Doc. 16) as well as a motion requesting copies of "case documents" (Doc. 17). These motions are construed as motions for reconsideration of the order which was the basis for dismissal of this action and entry of judgment. The motions are DENIED for the reasons set forth below.

///

1

## II. DISCUSSION

### A. Plaintiff Fails to Show New Evidence or Clear Error to Justify Reconsideration

The history that led up to dismissal of this action is straightforward.  On June 9, 2015, the Plaintiff's Complaint was dismissed for failure to state a claim under section 1983 and Plaintiff was ordered to file an amended complaint within thirty days. (Doc. 11.)  Plaintiff requested and received a thirty-day extension of time to do so. (Docs. 12, 13.)  Despite lapse of almost twice that amount of time, Plaintiff neither complied with, nor otherwise responded to the Court's order.  As a result, there was no pleading on file setting forth a claim upon which to grant relief.  Accordingly, on September 4, 2015, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action was dismissed with prejudice and judgment was entered, because of Plaintiff's failure to state a claim upon which relief may be granted under section 1983. (Docs. 14, 15.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment."  Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [ ] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff bases both of his motions[1] on his assertion that, on January 10, 2016, he "suffered an non-disciplinary move to another facility which caused the loss of over two-thirds of his legal work" since he was not allowed to pack his own property and CDCR officers only packed a portion of it for him. (Docs. 16, 17[2].) Plaintiff states that he makes these requests in "the interest of justice" and "for the purpose of furtherance of this litigation." If Plaintiff's transfer to another facility occurred anytime between June and September of 2015, it would have provided good cause to grant reconsideration. *Harvest*, 531 F.3d at 749. However, Plaintiff's transfer in January of 2016 provides no basis upon which to excuse his failure to file an amended complaint in 2015.

Additionally, Plaintiff's assertion that he was transferred to another facility appears intentionally misleading because Plaintiff did not file a notice of change of address indicating any such transfer, despite having been informed of this obligation as a party in the First Informational Order. (Doc. 5, 5:12-21.) Further, the address listed for Plaintiff on both of the current motions is the same as the address as that shown on his initial Complaint as well as on *every* document Plaintiff filed in this case -- California State Prison, P.O. Box 8800, Corcoran, California, 93212. (*Compare* Docs. 1, 8, 10, 12, 16, 17.)

### III.  ORDER

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having reviewed the entire file, the Court finds order which dismissed this action, on September 4, 2015, to be supported by the record and

---

[1] Both motions are verbatim duplicates with the exception of one line which indicates what each motion seeks. (*Compare* Doc. 16, 1:15 *with* Doc. 17, 1:14-15.)

[2] Plaintiff neither defines "case documents," nor identifies any specific docket entries he desired to have copied.

proper analysis.

      Accordingly, it is HEREBY ORDERED that Plaintiff's motions for reconsideration, filed on February 16, 2016, (Docs. 16, 17), are DENIED.

IT IS SO ORDERED.

Dated: **June 7, 2016**             /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE