1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANK LEE DEARWESTER,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

Defendants.

Case No. 1:15-cv-00354-SKO (PC)

**ORDER DENYING MOTION FOR RELIEF
FROM FILING FEE UNDER 28 U.S.C.
§ 1915**

(Doc. 19)

Plaintiff Frank Lee Dearwester is a state prisoner proceeding *in forma pauperis*. On September 4, 2015, the Court dismissed this action for failure to state a claim on which relief can be granted. (Doc. 14.) On May 7, 2020, Plaintiff filed a motion requesting relief from the filing fee payments required by 28 U.S.C. § 1915(b). (Doc. 19.)

Prisoners proceeding *in forma pauperis* are "required to pay the full amount of a filing fee" of a civil action they initiate. 28 U.S.C. § 1915(b)(1). Such prisoners are required to pay "an initial partial filing fee of 20 percent of the greater of … the average monthly deposits to the prisoner's account … or … the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." *Id.* "After payment of the initial partial filing fee, the prisoner … [is] required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.* § 1915(b)(2).

1    In his motion, Plaintiff states that he currently works for the Prison Industry Authority at

2    Mule Creek State Prison, helping produce personal protective equipment. (Doc. 19 at 1-2.) He

3    currently owes restitution as well as the filing fees in multiple civil actions he initiated while

4    incarcerated. (*See id.* at 7.) Plaintiff states that 55 percent of his monthly wages are deducted for

5    restitution, while much of the remainder is deducted for the filing fees. (*Id.* at 2.) He states that

6    "[h]e was not aware that additional partial filing fees would stack up instead of be taken

7    sequentially," with each case "taking a twenty percent … bite of Plaintiff's wages." (*Id.*) Plaintiff

8    therefore requests relief from the filing fee owed for this action. (*Id.* at 4.)

9    As an initial matter, the filing fee is mandatory. The *in forma pauperis* statute provides

10   that prisoners "*shall* be required to pay the full amount of a filing fee," and the "court *shall* assess

11   and … collect … an initial partial filing fee of 20 percent" of the average monthly deposits or

12   average monthly balance in the prisoner's trust account. 28 U.S.C. § 1915(b)(1) (emphasis

13   added). Additionally, "the prisoner *shall* be required to make monthly payments of 20 percent of

14   the preceding month's income." *Id.* § 1915(b)(2) (emphasis added). The Court, therefore, does

15   not have the discretion to waive the filing fee.

16   In addition, the Supreme Court has addressed the issue of whether filing fees from

17   multiple cases should be assessed sequentially or simultaneously against an inmate under section

18   1915(b)(2). In *Bruce v. Samuels*, the plaintiff, like Plaintiff in this case, "had previously incurred

19   filing-fee obligations in other cases and maintained that the monthly filing-fee payments for [the

20   present] case would not become due until those prior obligations were satisfied." 136 S. Ct. 627,

21   630-31 (2016). The Supreme Court held, though, that the plaintiff must make the monthly filing-

22   fee payments in the present case simultaneously, not sequentially, with such payments in the

23   earlier-filed cases. *Id.* at 631. The same holds true for the initial partial filing fee. *Id.* at 631-32.

24   The Court additionally notes that Plaintiff has not yet made a payment for this case. (*See*

25   *id.* Doc. 19 at 7.) Although Plaintiff owes the filing fees for more than ten cases, due to the

26   requirement that prisons collect fees only when the amount in a prisoner's account exceeds $10,

27   28 U.S.C. § 1915(b)(2), Plaintiff is currently making monthly payments in only two of these ten

28   cases. (*See* Doc. 19 at 6.)

1      The Court commends Plaintiff for his employment. The filing fee obligations and payment

2 amounts, however, are mandatory. *See, e.g.*, *Soares v. Paramo*, No. 3:13-cv-02971-BTM-RBB,

3 2018 WL 5962728, at *2 (S.D. Cal. 2018); *Cartwright v. Sparks*, No. 1:94-cv-06044-AWI, 2012

4 WL 394175, at *1 (E.D. Cal. 2012); *Adams v. Maricopa Cty. Sheriff's Office*, No. 2:10-cv-01558-

5 PHX-RCB, 2010 WL 4269528, at *1-2 (D. Ariz. 2010). Accordingly, the Court DENIES

6 Plaintiff's motion.

7

8 IT IS SO ORDERED.

9 Dated:   **May 11, 2020**                                   /s/ *Sheila K. Oberto*

10                                        UNITED STATES MAGISTRATE JUDGE